IN RE APPLICATION OF MARTIN.

[Cite as *In re Application of Martin,* **134 Ohio St.3d 154, 2012-Ohio-5427.**]

*Applicant for admission to practice of law currently lacks the requisite character, fitness, and moral qualifications—Applicant may reapply to take a later bar examination.*

(No. 2012-0426—Submitted May 9, 2012—Decided November 28, 2012.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 513.

_____

**Per Curiam.**

{¶ 1} Ebonie Michelle Martin of Columbus, Ohio, graduated from Capital University Law School in May 2011. She applied as a candidate for admission to the Ohio bar in September 2010 and subsequently applied to take the July 2011 bar exam. After an admissions committee recommended that her application be disapproved, a panel of the Board of Commissioners on Character and Fitness held a hearing to address the issues identified in the report by the admissions committee. The panel and board recommend that we disapprove Martin's application based on her present lack of the requisite character, fitness, and moral qualifications, and permit her to apply to take the July 2014 bar exam. We adopt the board's recommendation to disapprove the pending application and to permit Martin to apply to take the July 2014 bar exam.

**Summary of Proceedings**

{¶ 2} Two separate panels of the Columbus Bar Association admissions committee interviewed Martin in 2011. On June 30, 2011, the admissions committee issued a report recommending that Martin not be approved as to her character, fitness, and moral qualifications to practice law in Ohio. Martin

appealed the committee's recommendation to the Board of Commissioners on Character and Fitness pursuant to Gov.Bar R. I(12)(B).

{¶ 3} A panel of the board conducted a formal hearing and issued a report identifying three areas of concern that led the panel to recommend that we disapprove Martin's application based on her character and fitness at this time. The board adopted the panel's report in its entirety. Neither Martin nor the admissions committee objects to the board's findings or recommendation.

{¶ 4} The panel and board first express concern about Martin's truthfulness based on her explanation that she had failed her real-property class during her first semester of law school because she had failed to place her assigned exam number on the exam. She claimed that she had written the number on the palm of her hand but that her sweaty palms had rendered the number illegible. The admissions committee's investigation, however, revealed that while Martin may have lost some points based on her failure to use her assigned exam number, she had also performed poorly on the exam.

{¶ 5} The second area of concern relates to Martin's handling of her finances. Although Martin owed only $15,000 in undergraduate student loans when she started law school, she amassed a student-loan balance of approximately $150,000 for tuition and living expenses while attending Capital University Law School, despite receiving scholarships to pay all but $18,000 a year for school, in addition to public assistance. At the time of the hearing, her loans were in forbearance. The panel and board found, however, that by obtaining financial counseling, creating a budget, and obtaining employment as a paralegal, Martin showed that she is beginning to address this issue.

{¶ 6} The third and most serious area of concern identified by the board relates to Martin's lack of truthfulness in her explanation of a 2008 traffic stop that resulted in her being charged with providing false information to a police officer to avoid a citation, driving with an expired driver's license, and failing to

restrain a child in a car seat. Martin testified, and the police officer's testimony confirmed, that she had been pulled over because the officer believed that the windows of her vehicle were too darkly tinted—though she was never charged with an offense related to the window-tinting.

{¶ 7} At the hearing, Martin admitted that when she was pulled over, she did not have her driver's license with her and the license had expired more than six months before her traffic stop. She testified that when the officer asked her for her Social Security number, she gave him her mother's Social Security number instead, but she claimed that she had done so by mistake, due to the stress of the situation and the fact that she regularly gave her mother's Social Security number in dealing with her mother's health issues. But the officer testified that in addition to giving him her mother's Social Security number, Martin also gave him her mother's name and date of birth.

{¶ 8} On her bar-exam application, Martin reported that the providing-false-information charge was due to her telling the officer that the child in the vehicle during the traffic stop was her daughter when it was actually her goddaughter. At the hearing, Martin maintained that at the time she filled out her bar-exam application, she believed that the confusion over the child's identity was the basis of the falsification charge against her.

{¶ 9} Although the falsification and child-restraint charges were dropped and Martin pleaded guilty to the no-operator's-license charge, the panel and board believed the officer's version of the events as conveyed through his testimony and the report he prepared at the time of the traffic stop. Moreover, they believed that Martin had used her mother's name, birth date, and Social Security number in an attempt to avoid responsibility for driving with an expired driver's license.

{¶ 10} The panel and board were also troubled by Martin's explanation about why the car she was driving at the time of the stop was not registered in her name, although she claimed that she had purchased it from her friend. The panel

asked Martin to submit additional documentation regarding the transaction after the hearing, and the panel's report states that that documentation demonstrates that "the transaction was completely different than the testimony provided by the Applicant at the hearing." That documentation, however, has not been transmitted to this court as part of the record.

{¶ 11} Citing Martin's testimony concerning the false information given to the police officer during her 2008 traffic stop and her apparently false testimony about her purchase of the car, the panel and board expressed concern about her truthfulness. Based upon those facts, they submit that Martin does not presently possess the character, fitness, and moral qualifications necessary for admission to the bar of Ohio. Therefore, they recommend that we disapprove Martin's application and permit her to reapply for the July 2014 bar exam.

## Disposition

{¶ 12} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 13} Based upon the foregoing, we agree that Martin has failed to prove that she currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law. We therefore adopt the board's findings of fact and disapprove Martin's pending application to take the bar examination. Martin may apply to take the July 2014 bar examination by filing a new application to register as a candidate for admission to the practice of law and an application to take the bar examination. Upon reapplication, she shall

undergo a complete character and fitness investigation, including an investigation and report by the National Conference of Bar Examiners and a review and interview by the appropriate local bar association admissions committee.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Leppla Associates and Gary James Leppla, for applicant.

Loveland & Brosius, L.L.C., and William L. Loveland, for the Columbus Bar Association.

_____